**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**XIE YICAN** **PETITIONER**

**V.** **Civil Case No. 5:26-cv-00297-DCB-BWR**

**RAFAEL VERGARA** **RESPONDENT**

## REPORT AND RECOMMENDATION

Petitioner Xie Yican ("Petitioner"), a native and citizen of China, filed his pro se Petition [1] for writ of habeas corpus under 28 U.S.C. § 2241 on April 6, 2026, challenging the length of his detention under 8 U.S.C. § 1231(a)(6) and seeking his immediate release from Immigration and Customs Enforcement's ("ICE") detention, or, alternatively, a bond hearing. Having considered the Petition [1] and Supporting Memorandum [2], the Response [8], and the relevant law, it is recommended that the Petition be dismissed without prejudice because Petitioner's post-removal-period detention claim is premature under the framework set forth in *Zadvydas v. Davis,* 533 U.S. 678 (2001). The undersigned further recommends that Petitioner's Motion to Dismiss [11] be denied as moot.

## I. BACKGROUND

In November 2024, Petitioner entered the United States without inspection and was detained by ICE. *See* Pet. [1] at 4; Ex. A to Resp. [8-1]. On September 2, 2025, an immigration judge ordered that Petitioner be removed from the United States to China. *See* Pet. [1] at 4; Ex. C to Resp. [8-3]. Petitioner appealed to the Board of Immigration Appeals ("BIA"). *See* Ex. D to Resp. [8-4]. The BIA dismissed his appeal

on June 18, 2026. *See* Ex. A to Resp. to Mot. [12-1].

Petitioner filed his Petition on April 6, 2026, while his appeal to the BIA was still pending. Pet. [1] at 5. Petitioner alleges the following grounds: "unlawfull [sic] prolonged immigration detention"; "detention is no longer reasonably related to it's [sic] purpose"; and "unsafe and unconstitutional conditions of immigration detention." *Id.* at 6-7. Petitioner requests his immediate release, or alternatively, an individualized bond hearing. *Id.* at 7.

On July 13, 2026, Petitioner filed a Motion to Dismiss his Petition, consisting of two sentences. Petitioner simply states that he "respectfully request[s] that this Court dismiss [sic] my write [sic] of habeas corpus and send me back to my country." Mot. [11] at 1.

## II. DISCUSSION

28 U.S.C. § 2241 confers federal district courts "within their respective jurisdictions" the authority to hear applications for habeas corpus by any person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241. The writ of habeas corpus is "available to every individual detained within the United States," including noncitizens. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).

"A district court has subject matter jurisdiction to hear an alien's Section 2241 petition challenging the lawfulness of his or her detention." *Wekesa v. United States Att'y*, No. 22-10260, 2022 WL 17175818, at *1 (5th Cir. Nov. 22, 2022); *see also Demore v. Kim,* 538 U.S. 510, 517 (2003) ("Section 1226(e) contains no explicit provision

barring habeas review, and we think that its clear text does not bar respondent's constitutional challenge to the legislation authorizing his detention without bail."); *Imran v. Harper,* No. 25-30370, 2026 WL 93131, *1 (5th Cir. Jan. 13, 2026) ("[D]istrict courts have subject-matter jurisdiction to review § 2241 petitions challenging the lawfulness of a noncitizen's detention . . . .").

Because Petitioner's removal order is now administratively final, his detention is governed by 8 U.S.C. § 1231, which provides that "the Attorney General shall remove the alien from the United States within a period of 90 days (. . . referred to as the 'removal period')[,]" during which time the alien shall be detained. 8 U.S.C. § 1231(a)(1)(A), (a)(2). "After that time elapses, however, § 1231(a)(6) provides only that certain aliens '*may* be detained' while efforts to complete removal continue." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018) (emphasis in original).

In *Zadvydas*, which Petitioner cites throughout his Memorandum [2], the Supreme Court applied the doctrine of constitutional avoidance and construed § 1231(a)(6) to mean that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." 533 U.S. at 699. "*Zadvydas* then concluded that six months was a presumptively reasonable period of detention, beyond the removal period, in which to effectuate deportation." *Tran v. Mukasey*, 515 F.3d 478, 482 (5th Cir. 2008) (citing *Zadvydas,* 533 U.S. at 702). "After that, the Court concluded, if the alien 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing or release the alien." *Jennings,* 583 U.S. at 299 (quoting

*Zadvydas,* 533 U.S. at 701). "This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Petitioner's removal order became administratively final on June 18, 2026, when the BIA dismissed his appeal. *See* 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: (a) Upon dismissal of an appeal by the Board of Immigration Appeals . . . ."). The 90-day removal period does not expire until September 16, 2026. The six-month period of presumptively valid detention following the removal period will not expire until March 17, 2027. Here, the 90-day removal period has not yet expired, and Petitioner "has not been in post-removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas.* Consequently, any challenge to his . . . post-removal-order detention is premature." *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011); *see also Zadvydas,* 533 U.S. at 701 ("*After this 6-month period*, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.") (emphasis added); *Andrade v. Gonzales,* 459 F.3d 538, 543 (5th Cir. 2006) ("*Zadvydas* thus created a '6-month presumption' of the validity of detention under § 1231, *after which* an alien could attack the reasonableness of his continued detention.")

(emphasis added).

Finally, Petitioner's conclusory claim regarding his conditions of confinement, "unsafe and unconstitutional conditions of immigration detention," is not cognizable in a habeas action. *See Schipke v. Van Buren*, 239 F. App'x 85, 85–86 (5th Cir. 2007) ("Allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions."); *Boyle v. Wilson*, 814 F. App'x 881, 882 (5th Cir. 2020) (holding that § 2241 habeas petition is not "the proper procedural vehicle for claims . . . regarding the conditions of confinement").

## III. RECOMMENDATION

It is recommended that the Petition [1] be denied and dismissed without prejudice. The undersigned further recommends that Petitioner's Motion to Dismiss [11] be denied as moot.

## IV. NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy of the objections. *Id.* The district judge will determine de novo any part of the Report and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive

further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1).

**SIGNED,** this 21st day of July, 2026.

s/ *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE